STRAITS AGGREGATE AND EQUIPMENT CORPORATION
*v.*
LAKESIDE IMPROVEMENT COMPANY, INC.

ACCOUNT, ACTION ON—SERVICE—AFFIDAVIT—WAIVER—EVIDENCE.
  Trial court's finding in a nonjury trial of an action on open
    account that defendant did not owe the sum claimed by plain-
    tiff or any other amount was clearly erroneous and not sub-
    stantiated by the record where the account and affidavit were
    attached to the complaint filed with the court and there was
    no proof of service that those pleadings were served on de-
    fendant as required by statute but defendant did not object
    to the failure to serve the account and affidavit, thereby
    waiving any objection to proper service of those documents,
    and where defendant corporation denied any amount was due
    on the open account but its president testified that payments
    should have been credited to that account; claimed credits
    for commissions but did not identify the credits; and admitted
    he sold the merchandise to another and had gone out of
    business (MCLA § 600.2145).

Appeal from Presque Isle, Philip J. Glennie, J.
Submitted Division 3 February 3, 1970, at Grand
Rapids. (Docket No. 7,216.) Decided June 1, 1970.

Complaint in two counts by Straits Aggregate and
Equipment Corporation against Lakeside Improve-
ment Company, Inc., for amounts due and owing
plus interest on a note, and in count two for amounts
due and owing on open account. Judgment for plain-
tiff on count one. Judgment for defendant on count

REFERENCE FOR POINTS IN HEADNOTE
1 Am Jur 2d, Accounts and Accounting §§ 12, 13, 20, 35.

two. Plaintiff appeals. Remanded for further proceedings.

*Hooper, Hooper, Hathaway & Fichera (Alan E. Price,* of counsel), for plaintiff.

*Charles E. Menefee,* for defendant.

Before: HOLBROOK, P. J., and DANHOF and ROOD,* JJ.

PER CURIAM. Plaintiff brought this action in Presque Isle Circuit Court alleging in separate counts that defendant owed $1100 plus interest of 6% on the unpaid portion of a $1500 note, and that defendant also owed a balance of $900 plus 5% interest on an open account.

The defendant in answer admitted liability on the note for $1100, but denied that the note was to bear interest. Defendant further denied that any amount was due on open account.

At trial, the plaintiff called as its only witness the president of the defendant corporation. Plaintiff, therefore, placed heavy reliance on the signed note and its account books plus what it alleged to be defendant's non-compliance with GCR 1963, 602 (*re* the note) and MCLA § 600.2145 (Stat Ann 1962 Rev § 27A.2145) (on the open account).

The trial court sitting without a jury found that defendant had failed to comply with GCR 1963, 602, and that there was sufficient evidence to find defendant liable under it for both principle and interest. The trial court found the defendant's liability under the note to be $1,551.89 plus interest at six percent from March 1, 1968.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

As to the alleged balance due on the open account, however, the trial court said:

"Plaintiff seeks judgment in the sum of $900 claiming that goods were sold and delivered to defendant on an open account. Defendant files a sworn answer denying liability and claiming that plaintiff has failed to account for collections pursuant to an agreement between the parties. Plaintiff moves for judgment relying on MSA § 27A.2145. However, the file does not show that a copy of the affidavit and account, together with the complaint, was ever served personally on the defendant. In such case, the defendant's answer stands, and defendant has testified that he does not owe anything on the open account. Plaintiff did not rebut this evidence and relies solely upon defendant's failure to comply with MSA § 27A.2145. The court is not convinced by a fair preponderance of the evidence that defendant owes any sum on the open account."

On appeal, the plaintiff asserts that the trial court erred in denying recovery on the open account.

A careful review of the record convinces us that the trial court's findings that defendant did not owe the sum claimed or any other on the open account was clearly erroneous. GCR 1963, 517.1. The pleadings do not show by proof of service that the complaint, account and affidavit were served on the defendant as required by § 2145. The defendant did not deny the account by separate affidavit as required by the statute. The account and affidavit were attached to the complaint filed with the court. Defendant did not object to the alleged failure to serve the account and affidavit. Had such an objection been made plaintiff could have proved such service by other means. GCR 1963, 104(2). Defendant waived any objection to proper service of the account and affidavit.

Although the defendant denies that its president testified that his company owed anything on the open account, a review of the record shows the contrary.

Defendant's president testified, contrary to the pleadings, that payments should have been credited to the open account. He claimed certain credits for commissions but did not identify such credits. He also admitted that he had sold the merchandise to another and had gone out of business.

Viewing his testimony as we do, we must conclude that the trial court's finding as to the open account was not substantiated by the record. A redetermination of plaintiff's claim on the open account should be made by the trial court not inconsistent with this opinion.

Remanded for further proceedings. Costs to await final determination.